Filed 5/15/14  P. v. Alvarez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RAUL ALVAREZ,<br><br>     Defendant and Appellant. | E059923<br><br>(Super.Ct.No. FWV020079)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On October 30, 2000, a jury found defendant Raul Alvarez guilty of misdemeanor drawing or exhibiting a firearm as lesser included offenses to counts 1 and 3 (Pen. Code, § 417, subd. (a)(2)); making criminal threats as alleged in counts 2 and 4 (Pen. Code, § 422); being a felon in possession of a firearm as alleged in count 5 (Pen. Code, former § 12021, subd. (a)(1)); and being a felon in possession of a firearm in a motor vehicle as alleged in count 6 (Pen. Code, former § 12025, subd. (a)(1)). The jury also found true allegations that defendant personally used a firearm in the commission of the offenses alleged in counts 2 and 4. (Pen. Code, former § 12022.5, subd. (a)(1).)

Following a bifurcated trial on October 31, 2000, the trial court found true allegations that defendant: (1) suffered two prior convictions for serious or violent felonies for purposes of sentencing under Penal Code sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d); (2) suffered two prior convictions for serious felonies within the meaning of Penal Code section 667, subdivision (a)(1); and (3) suffered three prison priors within the meaning of Penal Code section 667.5, subdivision (b).

On September 21, 2001, the trial court sentenced defendant under the Three Strikes law to 25 years to life on count 2, and designated that as the principal term. The court sentenced defendant to the middle term of four years for the true finding of personal use of a firearm in the commission of count 2, to be served consecutively to the sentence on count 2. For count 4, the court sentenced defendant under the Three Strikes law to 25 years to life, to be served concurrently to the sentence on count 2. The court imposed an additional middle term of four years for the true finding of personal use of a firearm in

2

the commission of count 4, but stayed it pursuant to Penal Code section 654. For defendant's two prior serious felonies, the trial court sentenced defendant to five years each, to be served consecutively to the sentence on count 2. Finally, the court sentenced defendant to one year for one of his prison priors, to be served consecutively to the sentence on count 2, and struck the remaining two prison priors. In total, the court sentenced defendant to 40 years to life in state prison.

On October 3, 2013, defendant, acting in propria persona, filed a petition for recall of his sentence pursuant to Penal Code section 1170, subdivision (d), contending his sentence should be reversed based on a violation of his due process rights and denial of a fair trial. At an ex parte hearing conducted on October 21, 2013, the trial court found that Penal Code section 1170, subdivision (d), did not apply to defendant because the time to move for a sentencing recall had long passed, and it denied the petition. The court nonetheless deemed defendant's petition to be a request for resentencing under Proposition 36, the Three Strikes Reform Act of 2012, but found defendant was not eligible for resentencing based on the jury's true findings that defendant personally used a firearm. (Pen. Code, § 1170.126, subd. (e)(2).)

Defendant timely appealed from the denial of his petition.

DISCUSSION[1]

After defendant appealed, this court appointed counsel to represent him. Counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of facts and potential arguable issues, and requesting that this court undertake an independent review of the record on appeal.

We invited defendant to file a personal supplemental brief, but he did not do so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The postjudgment order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                        Acting P. J.

We concur:


KING_____
                          J.

CODRINGTON_____
                          J.

_____

[1] Because defendant appeals from an order denying his postjudgment petition for resentencing, the underlying facts of his 2000 convictions are neither included in the record nor applicable to this appeal.